

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2009

# Nazario Burgos v. Mary Canino

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1043

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Nazario Burgos v. Mary Canino" (2009). *2009 Decisions.* Paper 1183.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1183

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-205                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1043
_____

NAZARIO BURGOS,
Appellant

v.

MARY CANINO; MARSHALL, CORRECTION OFFICER;
DAY, LIEUTENANT; LEVI HOSBAND; TONY WOLFE; CUDDEBACK,
CORRECTION OFFICER; DAVID DIGUGLIELMO; CORRETTE, CORRECTION
OFFICER; LIEUTENANT DOYLE; LIEUTENANT SMITH; CORRECTION OFFICER
CHO; CORRECTION OFFICER BARRATA; SCOTT DAVIES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-06-cv-02497)
District Judge:  Honorable Anita B. Brody

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 4, 2009
Before:  SLOVITER, FUENTES AND JORDAN, Circuit Judges

(Opinion filed:  June 15, 2009)
_____

OPINION
_____

PER CURIAM

Nazario Burgos appeals from the District Court's December 16, 2008 order denying his motion for a preliminary injunction. Because we determine that the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B). His request for the appointment of counsel will be denied as moot.

Burgos, an inmate at the State Correctional Institute at Graterford, Pennsylvania. Burgos, proceeding pro se, filed a motion for a temporary restraining order and preliminary injunction in June 2008, requesting the District Court compel prison officials to transfer him from Housing Unit F back to Housing Unit D. Burgos argued that officials moved him in retaliation for filing a lawsuit, and that his life was in danger because Unit F also houses dangerous inmates with mental disabilities. Burgos also asked that the Court grant him access to his legal materials. The District Court held a hearing on the motion, at which Intelligence Captain Thomas Dohman testified that prison officials moved Burgos to a different unit after receiving an anonymous threat on his life. It was presumed that this threat came from one of the prisoners in Burgos' former unit. Dohman also testified that Housing Unit F was no more dangerous than Housing Unit D. After the hearing, the District Court denied Burgos' motion, finding the testimony of Dohman credible and that Burgos had failed to satisfy the criteria for the grant of a preliminary injunction. The court granted his request for access to his legal materials. Burgos then filed a timely appeal as well as a motion to proceed in forma pauperis. In his brief to this Court, he also requests the appointment of appellate counsel.

2

We have appellate jurisdiction under 28 U.S.C. § 1292(a)(1).[1]  We review the grant or denial of a preliminary injunction for abuse of discretion. Questions of law are reviewed de novo, while questions of fact are reviewed for clear error.  Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000) (citing Frank Russell Co. v. Wellington Mgmt. Co., 154 F.3d 97, 101 (3d Cir.1998)).  We also review the appeal for possible dismissal under 28 U.S.C. § 1915(e)(2)(B).  An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest."  NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999).  After reviewing the record, we agree with the District Court that Burgos did not satisfy the criteria for the grant of a preliminary injunction.  Captain Dohman testified that Burgos was moved from his unit, not out of retaliation for the filing of a lawsuit, but in order to protect him from a threat

_____

[1]While Burgos captioned his motion as "Plaintiff's motion for temporary restraining order and preliminary injunction," he focused only on the preliminary injunction requirements in the motion itself.  As a general proposition, orders granting or denying temporary restraining orders are unappealable.  NutraSweet Co. v. Vit-Mar Enters., Inc., 112 F.3d 689, 692 (3d Cir. 1997).  Here, however, the District Court properly treated Burgos' motion as a request for a preliminary injunction, and we have jurisdiction to review the decision denying it.

3

they had received against his life.[2]  Dohman also testified that the unit they moved Burgos to is newer, contains fewer inmates, has more security protections in place, and fewer inmates suffering from mental health issues than his former unit.  The District Court found Dohman credible and concluded that Burgos "failed to prove that denying his motion will cause irreparable harm."  We agree with the District Court's assessment.  See Fed. R. Civ. P. 52(a)(6) (stating that findings of fact "must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.").  We also note that courts "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."  Overton v. Bazzetta, 539 U.S. 126, 132 (2003).  As a result, we conclude that Burgos' appeal does not have arguable legal merit, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).  His request for the appointment of counsel is denied as moot.

---

[2]Burgos argues in his brief that it was improper for the District Court to rely on Dohman's testimony because it contained hearsay in the form of the anonymous note.  A review of the record shows that the Court never accepted the note into evidence because of a prison policy that such threats are never shown to inmates out of a concern that they could recognize the handwriting and attempt to retaliate.  "[W]hen a challenged regulation implicates security . . . judicial deference is especially appropriate."  Williams v. Morton, 343 F.3d 212, 218 (3d Cir. 2003).  As a result, we do not find that the Court improperly relied upon hearsay evidence in reaching its conclusion.